UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSE RODRIQUEZ, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-567 (RBW) |
| STEVEN SMITH, *et al.*, | : | |
| Defendants. | : | |

**MOTION TO DISMISS ON BEHALF OF THE
DISTRICT OF COLUMBIA AND THE D.C. JAIL RECORDS DEPARTMENT**

Defendants District of Columbia ("the District") and the D.C. Jail Records Department,[1] by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Honorable Court for an order:

1. Finding that Plaintiff's suit against Defendant Smith in actuality is a suit against the District;

2. Dismissing Plaintiff's Complaint against the D.C. Jail Records Department because this Defendant is *non sui juris*.

3. Dismissing Plaintiff's Complaint against the District under 42 U.S.C. § 1983, because he has failed to sufficiently plead a viable claim under the statute.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is

---

[1] Mr. Steven Smith is no longer the warden at the D.C. Jail, and was not the warden at the time service was effected on Lt. Bushee at the D.C. Jail.

a dispositive motion, Defendants are not required to confer with other parties per LCvR 7(m).

        Respectfully Submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ____/s/ Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
        dwayne.jefferson@dc.gov

        **COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2008, a copy of the foregoing was served electronically or otherwise to:

Mr. Jose Rodriguez, DC 307-520
1901 D Street, SE
Washington, DC  20003

        _____
        DWAYNE C. JEFFERSON
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE RODRIQUEZ, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STEVEN SMITH, *et al.*, : <br> : <br> Defendants. : <br> _____ : | C.A. No.: 08-567 (RBW) |

### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO DISMISS

In support of their dispositive motions, Defendants District of Columbia ("the District") and the D.C. Jail Records Department herein submit their memorandum of points and authorities.

### STATEMENT OF FACTS

According to this *pro se* prisoner's Complaint, Jose Rodriquez was incarcerated at the D.C. Jail for Destroying Property (06-CMO-013648), Attempted Threats to do Bodily Harm (06-CF-2014895), and Escape (06-CF-2018186). *See* Complaint at "Facts & Points of Authority." Plaintiff claims that the court ordered his release on March 20, 2007, but unidentified Department of Corrections officials allegedly detained him until May 14, 2007. *Id*. Because he purportedly was incarcerated nearly 2 months past his release date, Rodriquez claims that Defendants violated the Civil Rights Act, 42 U.S.C. § 1983, by depriving him of liberty and property interests guaranteed by the due process clauses of the 5th and 14th Amendments to the U.S. Constitution and, otherwise, by violating the U.S. Constitution's 13th Amendment prohibition against slavery. *See* Complaint at "Civil Action Brought Under the Color of Law." He requests an

appointment of counsel, and urges the Court to award damages of at least $100,000, attorney's fees, and costs.  *See* Complaint at "Relief Sought."

## STANDARD OF REVIEW

### I.   STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief.  The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible."  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007).  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966.

## ARGUMENT

### II.   PLAINTIFF'S LAWSUIT AGAINST DEFENDANT SMITH IN ACTUALITY IS A LAWSUIT AGAINST THE DISTRICT

Defendant District moves for an Order from this Court finding that Plaintiff's lawsuit against Defendant Steven Smith, former Warden of the District of Columbia Department of Corrections ("DOC"), is an official capacity lawsuit and in actuality is a suit against the District.  Government officials sued in their official capacities are not

personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). The U.S. Supreme Court has ruled upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. …The real party in interest is the entity. Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

Though Plaintiff claims to be suing former Warden Smith in both his "individual and official capacities," there are no allegations that former Warden Smith had any involvement with the extended incarceration period about which Plaintiff complains. *See* Complaint at Caption. The District is already a party defendant, and Plaintiff must look to it for relief.

In *Officer Linda Cooke-Seals v. District of Columbia*, 973 F. Supp. 184 (D.D.C. 1997), the Court stated that:

> A suit against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit. See *United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd*., 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); see also *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (suit against employee in

> official capacity operates as suit against employer). Where the suit has been filed against the employer (here the District of Columbia) and one or more employees, however, the claims against the employees merge with the claim against the employer. *Gary v. Long, supra*, 59 F.3d at 1399.

Because an official capacity suit against an individual is the functional equivalent of a suit against the employer, this Court should find that Plaintiff's lawsuit against Defendant Smith in actuality is a lawsuit against the District. Therefore, the District should be substituted as the party defendant for Defendant Smith.

### III.    THE D.C. JAIL RECORDS DEPARTMENT IS NON SUI JURIS

Plaintiff has named the D.C. Jail Records Department as a party defendant in this action. Yet, because the D.C. Jail Records Department is a sub-agency of the District of Columbia government, it cannot be sued in its own name. In this jurisdiction, it is well settled that bodies within the District of Columbia government are simply not suable as separate entities, absent statutory provisions for them to sue and be sued. *See Trifax Corp. v. District of Columbia,* 53 F. Supp. 2d 20 (D.C. Cir. 1999) (holding that the Department of Human Services is *non sui juris*); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that the Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (holding that the Board of Higher Education not a suable entity); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (holding that the Department of Sanitation is not suable).

In *Foggy Bottom Association v. District of Columbia Office of Planning*, 2006 U.S. Dist. LEXIS 51487, this Court dismissed claims brought against the District of Columbia Office of Planning, the District of Columbia Zoning Commission, the District

of Columbia Department of Health and the District of Columbia Department of Consumer and Regulatory Affairs.  In *Hobby v. District of Columbia Government*, 2003 U.S. Dist. LEXIS 26192, this Court dismissed claims against the District of Columbia Public Schools, the District of Columbia  Employee Services, the District of Columbia Superior Court and the District of Columbia Court of Appeals.[2]

The powers of the D.C. Jail Records Department are set forth in D.C. Official Code § 24-101, *et seq.*  These statutes do not empower the D.C. Jail Records Department to sue or be sued in its own name.  Thus, the D.C. Jail Records Department is not a proper party to this action, and Plaintiff's claims against it must be dismissed.

## IV. PLAINTIFF HAS FAILED TO PLEAD A VIABLE CONSTITUTIONAL CLAIM AGAINST THE DISTRICT.

Plaintiff seeks to hold the District liable under 42 U.S.C. § 1983, for alleged constitutional violations committed by unidentified Department of Corrections officials.  See Complaint, generally.   However, under § 1983, a municipality cannot be held liable under principles of *respondeat superior*.  *See Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997), *citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).  Instead, the U.S. Supreme Court has identified a two-prong analysis when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.  *Collins v. City of Harker Heights*, 503 U.S. 115, 120

---

[2]  *See also Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* 980 F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities").

(1992). Under *Twombly,* Plaintiff must set forth facts to satisfy both prongs established by *Monell*. It is clear that Plaintiff has failed to do so.

Plaintiff's Complaint is devoid of any facts to support any claim that his injuries resulted from a District custom, practice or policy. *See* Complaint, generally. Section 1983 does not create any substantive rights, it merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Absent factual allegations that support the District's liability under 42 U.S.C. § 1983, for Plaintiff's injuries, dismissal of the District is mandated.

### V.  PLAINTIFF'S 5TH AMENDMENT CLAIM FAILS AS A MATTER OF LAW AND DISMISSAL IS APPROPRIATE

In order to set forth a viable substantive due process claim under the Fifth Amendment, plaintiff must plead fats to show government arbitrary or wrongful action. Plaintiff must show that he was denied either a pre- or post-deprivation hearing. *See Daniels v. Williams,* 474 U.S. 327, 331 (1986). A review of Plaintiff's Complaint evidences that other than conclusory allegations, he has failed to support his Complaint with allegations that reflect arbitrary or wrongful government actions, or that he was entitled to and/or failed to receive either a pre- or post-deprivation hearing. See Complaint, generally. Therefore, Plaintiff's claims under the Fifth Amendment fail as a matter of law.

### VII.  PLAINTIFF'S 13TH AMENDMENT CLAIM FAILS AS A MATTER OF LAW AND DISMISSAL IS APPROPRIATE

Plaintiff's assertion that the District may be guilty of violating the Thirteenth Amendment is also meritless. The 13th Amendment, which prohibits slavery and involuntary servitude, expressly provides that:

>   **Section 1.**   Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
>
>   **Section 2.**   Congress shall have power to enforce this article by appropriate legislation.

Federal District Courts have consistently held that the Thirteenth Amendment itself does not provide a private right of action for damages. *See*, *e.g. Holland v. Board of Trustees of Univ. of District of Columbia,* 794 F.Supp. 420, 424 (D.D.C.1992) (granting motion to dismiss); *Jane Doe I v. Reddy,* No. C-02-05570, 2003 WL 23893010, at *10 (N.D.Cal. Aug. 4, 2003) (granting motion to dismiss); *Doe I v. The Gap, Inc.,* No. CV-01-0031, 2001 WL 1842389, at *16-18 (D.N. Mar. I. Nov. 26, 2001) (granting motion to dismiss); *Del Elmer v. Metzger,* 967 F.Supp. 398, 402 (S.D.Cal.1997) (granting motion to dismiss); *Sanders v. A.J. Canfield Co.,* 635 F.Supp. 85, 87 (N.D.Ill.1986) (granting motion to dismiss and awarding sanctions under Rule 11); *Baker v. McDonald's Corp.,* 686 F.Supp. 1474, 1480 n. 12 (S.D.Fla.1987) (granting motion to dismiss), *aff'd,* 865 F.2d 1272 (11th Cir.1988); *Westray v. Porthole, Inc.,* 586 F.Supp. 834, 838-39 (D.Md.1984) (granting motion to dismiss); *Turner v. Unification Church,* 473 F.Supp. 367, 373-74 (D.R.I.1978) (granting motion to dismiss), *aff'd,* 602 F.2d 458 (1st Cir.1979).

In this case, Plaintiff has set forth no facts to support any action by the District which subjected him to servitude in violation of the 13th Amendment. Because the Complaint is devoid of facts to show any violation of a statute enacted pursuant to the 13th Amendment, which would provide Plaintiff with a cause of action under the 13th Amendment, his claim fails as a matter of law. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971); *see also*

*Bhagwanani v. Howard Univ.*, 355 F.Supp.2d 294, 301 n.5 (D.D.C. 2005), *citing, Doe v. Reddy,* No. 02-5570, 2003 WL 23893010, at *8 (N.D.Cal. 2003).

### VIII.  THE 14TH AMENDMENT DOES NOT APPLY TO THE DISTRICT

Plaintiff seeks to proceed against these defendants under the Fourteenth Amendment as a theory for liability under 42 U.S.C. § 1983.  Plaintiff's claim under the Fourteenth Amendment is untenable because the Fourteenth Amendment does not apply to the actions of the District of Columbia or its officials/employees.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1953).  Therefore, Plaintiff's claim under the Fourteenth Amendment must be dismissed.

### CONCLUSION

Based upon the foregoing, Defendants respectfully request an Order dismissing with prejudice Plaintiff's Complaint against the District of Columbia and the D.C. Jail Records Department.

> Respectfully Submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> _____/s/_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
> \_\_\_/s/ Dwayne C. Jefferson_____
> DWAYNE C. JEFFERSON [980813]
> Assistant Attorney General
> One Judiciary Square
> 441 4th St., N.W., 6th Floor South
> Washington, D.C. 20001
> (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
> dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE RODRIQUEZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No.: 08-567 (RBW) |
| : | |
| STEVEN SMITH, *et al.,* : | |
| : | |
| Defendants. : | |
| _____: | |

**ORDER**

Upon consideration of Defendants District of Columbia and the D.C. Jail Records Department's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED:  that the lawsuit against Defendant Steven Smith is in actuality a lawsuit against the District of Columbia and the District is substituted as the party defendant; and it is,

FURTHER ORDERED:   that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. REGGIE B. WALTON**
Judge, U.S. District Court
For the District of Columbia

Copies to:

Mr. Jose Rodriguez
*Plaintiff Pro Se*
DC 307-520
1901 D Street, SE
Washington, DC   20003


DWAYNE C. JEFFERSON, ESQ.
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001